# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

**JERMAINE L. TAYLOR**          **PLAINTIFF**

**v.**          **CIVIL ACTION NO. 3:11CV-27-M**

**REV. TIM MOSELY** *et al.*          **DEFENDANTS**

## MEMORANDUM OPINION

Plaintiff, Jermaine L. Taylor, filed this civil action against Rev. Tim Mosely and Wayside Christian Mission. Along with his complaint, Plaintiff also filed an application to proceed *in forma pauperis*. **IT IS ORDERED** that Plaintiff's application (DN 3) is **GRANTED**.

Upon review for the reasons set forth below, the Court concludes that it must dismiss this matter for lack of subject-matter jurisdiction.

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998) (overruled in part on other grounds as stated in *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 549 (6th Cir. 2006)). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 150 F.3d at 607 (quoting

*Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162, 165 (11th Cir. 1997)).

Plaintiff does not allege the jurisdictional basis of this case. He used the Court's general complaint form to file this action. In the section of the form asking him to state the grounds for filing this case in federal court he writes: "I got food poisoning at Wayside Christian Mission in the early part of the 2009 and 2010."

Plaintiff has not identified any federal cause of action. His complaint sounds in state-law negligence. As such the Court must determine whether Plaintiff can satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332. To properly invoke the Court's diversity jurisdiction, Plaintiff must establish that this action is between citizens of different states and that the amount in controversy exceeds the sum or value of $75,000.00. *Id.*

Plaintiff is seeking a million dollars in pain and suffering. Thus, the second element is satisfied. However, Plaintiff has not alleged that he and Defendants are citizens of different states. Plaintiff indicates that he is a citizen of Kentucky. His complaint also states that Defendant Mosley is a citizen of Kentucky. The Court takes judicial notice that Defendant Wayside Christian Mission is registered with the Kentucky Secretary of State as a Kentucky corporation. See https://app.sos.ky.gov. Because Plaintiff and Defendants are citizens of Kentucky there is no diversity in this case.

Accordingly, for the reasons set forth above, by separate Order the Court will dismiss this matter for lack of subject-matter jurisdiction.

Date:

cc: Plaintiff, *pro se*
    Defendants
4414.008